# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# LUFKIN DIVISION

| | | |
|---|---|---|
| ROCKY SELF, #1349312 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv61 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for dismissal of this case as time-barred.

Petitioner filed objections to the Report. Petitioner contends that he does not claim entitlement to equitable tolling, but that he is entitled to have this Court consider the merits of his case because he is actually innocent and because he was convicted based on a defective indictment. If a habeas petition is time-barred, then a claim of actual innocence in that petition is time-barred as well. *Crowdis v. Cockrell*, 2002 WL 31697721 (N.D. Tex. 2002); *cf. United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002), *cert. denied* 539 U.S. 952 (2003). Petitioner submits with his objections an undated letter from an eye witness in which she recants her statements. Petitioner explains that this letter was included in his state habeas petition as well. Petitioner has filed six state applications for a writ of habeas corpus challenging the convictions challenged in the present case.

The first three he filed on October 19, 2006, and they were denied on March 28, 2007. On November 24, 2008, he filed the next three, which were dismissed on February 4, 2009.

The petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000). Petitioner does not assert when he received the letter, in which state habeas application(s) it was included, or even that it entitles him to equitable tolling.

Furthermore, in a 28 U.S.C. § 2254 case, equitable tolling is warranted only in situations where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), *cert. denied* 541 U.S. 1032). Such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied* 539 U.S. 918 (2003). As a general rule, equitable tolling has been limited to situations where the petitioner has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the petitioner has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Clymore v. United States*, 217 F.3d 370, 375 (5th Cir. 2000). Petitioner has not shown that his actual innocence claim entitles him to equitable tolling and therefore to a review on the merits by this Court.

Petitioner also contends that he was convicted based on a defective indictment. Petitioner pleaded guilty to the charged offenses. A guilty plea generally waives constitutional deprivations occurring prior to the plea (*Haring v. Prosise*, 462 U.S. 306, 319-20 (1983)), except a habeas claim challenging the validity of the guilty plea itself (*Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830). Petitioner does not contend that the allegedly defective

2

indictment renders his guilty plea invalid.

This Court made a *de novo* review of Petitioner's objections and determined that they lack merit. Petitioner has failed to pursue federal relief with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

This Court finds that the Magistrate Judge's findings and conclusions are correct, and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**;

**ORDERS** that Petitioner is **DENIED** a certificate of appealability; and

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED** this the **30** day of **September, 2009.**

_____
Thad Heartfield
United States District Judge